# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DESI WASHINGTON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:18-cv-00660-ACA** |
| | ] | |
| **RAIL CONNECTION,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons set out below, the court **WILL DISMISS WITHOUT PREJUDICE** the amended complaint for failure to state a claim.

When a plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the court to dismiss the case "if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must dismiss the case if the plaintiff fails to plead "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and alteration omitted).

In March 2018, Plaintiff Desi Washington, proceeding *pro se*, filed a complaint against Defendant Rail Connection, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Doc. 1). A magistrate judge granted Mr. Washington's request to proceed *in forma pauperis* but found that his complaint was insufficient because it failed to assert any factual allegations to support his claims. (Doc. 8). The magistrate judge therefore ordered Mr. Washington to replead his complaint. (*Id.* at 3–4).

The magistrate judge explained in detail how Mr. Washington could amend his complaint to comply with the Federal Rules of Civil Procedure:

> In the amended complaint, the plaintiff should include facts that show why he believes his "employment was terminated due to race" and the facts that support his beliefs that his "employer['s] fail[ure] to promote [him] in the course of 4 years" was because of his race, as he alleges. Additionally, the plaintiff needs to provide facts that illustrate how he "was treated differently than coworkers outside [his] race" and provide background and details as to why he believes he was retaliated against for requesting a promotion. Essentially, the plaintiff should tell his story, which, if believed would support the conclusions offered.

Additionally, the plaintiff should also attach a copy of his [Equal Employment Opportunity Commission ("EEOC")] Charge to the Amended Complaint.

(*Id.* at 3) (citations omitted) (final alteration added).  The judge further explained:

In the amended complaint, the plaintiff must clearly set forth the facts concerning any incident about which he complains.  Specifically, he must (1) identify each defendant he alleges participated in the violation of his rights; (2) describe what each defendant did that amounted to a violation of his rights; (3) state when and where the incidents underlying the violation of his rights occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to him; (5) identify the nature of that harm (e.g., loss of money, income, or property, or interference with his right to engage in or refrain from some activity); and (6) state the relief he seeks (e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses).  Conclusory and general assertions are insufficient to state a claim on which relief may be granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

(*Id.* at 4).

After the case was reassigned to the undersigned, Mr. Washington filed his amended complaint.  (Doc. 18).  The amended complaint, although formatted differently, provides no new information or facts.  (*Compare* Docs. 1, 18).  Nor did Mr. Washington attach to the amended complaint his EEOC charge or his notice of right to sue.  The court liberally construes a *pro se* litigant's allegations.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  But even construed liberally, the complaint remains too conclusory to state a valid claim against Rail Connection.  And a court may not "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Because the court has already afforded Mr. Washington an opportunity to amend his complaint to cure the specific deficiencies identified by the magistrate judge, the court concludes that dismissal without prejudice is appropriate. The court **WILL DISMISS** the case **WITHOUT PREJUDICE** for failure to state a claim, as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 15, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE